CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 23 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEREMY EDWARD BALL, | ) CASE NO. 7:13CV00320 |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION |
| BRISTOL VIRGINIA CITY JAIL MEDICAL DEPARTMENT, ET AL., | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant(s). | ) |

Jeremy Edward Ball, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that unspecified jail officials did not provide him with medications or an appointment with the eye doctor. Ball later amended to add the jail physician as a defendant. Upon review of the complaint as amended, however, the court finds that the action must be summarily dismissed.

## Background

Ball is an inmate at the Bristol Virginia City Jail ("the jail"). In the initial complaint, Ball sued the jail's medical department, asserting only the following:

> I have tried to get the pre[s]cription medications here several times that I'm p[re]scribed on the street and they won't give them to me. I have asked and also wrote about getting a[n] eye doctor appo[int]ment so I can get glasses and the jail won't respond.

(Compl. 1.)

The court filed Ball's complaint conditionally and, by order entered August 7, 2013, advised Ball that his allegations failed to state any actionable claim under § 1983. The order notified Ball that the "medical department" was not a "person" subject to be sued under § 1983 and granted him an opportunity to amend to identify a person or persons as defendant(s) and to

state additional facts to clarify the nature of the claims he wished to bring. The order specifically advised Ball:

> The amended complaint shall name a person or persons as defendants and make a detailed statement of the facts plaintiff intends to offer in support of his claims, concerning the conduct of each defendant that violated his constitutional rights. In addition to naming proper defendant(s), the amended complaint should include the following information: the specific nature of Ball's medical or mental health problems and the symptoms he experienced while at the jail, the specific medications which he has been prescribed in the past for these problems, any medical or mental health assessments he has undergone while at the jail, any medications or other medical or mental health treatment jail staff have provided to him, and the manner in which he notified jail staff of each medical problem and the response he received.
> Ball is advised that the amended complaint must make a complete statement of his claims . . . . The court will not require the defendant(s) to attempt to decipher Ball's claims from statements he has made in grievances at the jail; his complete allegations must be included in the amended complaint itself.

Order 2, Aug. 7, 2013.

Ball filed a timely, amended complaint, naming the medical department and Dr. Sherille as defendants. The amended complaint stated Ball's medical claim as follows: "I have wrote the doctor several times 'Dr. Sherrill' to get the medication I need and he will not give them to me." Amend. Compl. 2. Ball also complains that a jail official responded verbally, rather than in writing, to a grievance. As relief, Ball seeks proper medical care, monetary damages, and a new doctor.

## Discussion

Under 28 U.S.C. § 1915A(b)(1), the court is required to review prisoner complaints for compliance with the basic rules of pleading, and during this review, must either identify a claim in the complaint on which relief may be granted or summarily dismiss the complaint. The complaint must allege "enough facts to state a claim to relief that is plausible on its face."

2

Giarrantano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Pleadings prepared by a pro se plaintiff must be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Courts must liberally construe such pleadings to prevent potentially meritorious claims from being defeated on merely technical deficiencies and may allow the plaintiff to amend a claim that may, with additional development, have substance. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleading to present the factual basis for a claim. Weller v. Department of Social Servs, 901 F.2d 387, 391 (4th Cir. 1990).

To state a claim under § 1983, "a plaintiff must establish three elements . . . : (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." Jenkins v. Medford, 119 F.3d 1156, 1159-60 (4th Cir. 1997). A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). To state a claim that Dr. Sherrill violated his constitutional rights, Ball must state facts showing that the doctor knew of a serious medical condition that posed an excessive risk to Ball's health and responded unreasonably to that condition. Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998). The doctor's mere negligence or malpractice does not rise to a constitutional level. Estelle, 429 U.S. at 105-106; Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975). Likewise, Ball's mere disagreement with the doctor's diagnosis and prescribed course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Ball's complaint and amended complaint, taken jointly, fail to state an actionable constitutional claim regarding his medical care at the jail. Despite the court's order allowing him to amend and directing him to include in the complaint the necessary facts in support of his claims, Ball fails to provide such facts. His complaint makes nothing more than a generalized assertion that Ball asked the jail doctor for medications and eye glasses and did not receive them. The complaint does not include any description of Ball's medical needs or symptoms or any harm he has suffered or will suffer without the treatment he desires. Furthermore, from the other documents Ball submits with the complaint, it is evident that he has seen the jail's nursing staff and merely disagrees with the jail doctor's medical judgment not to prescribe medications that other doctors have prescribed for Ball in the past. Because the complaint itself, even as amended, fails to make a straightforward statement of facts on which the defendant could base an answer or the court could base a judgment, the court dismisses the action without prejudice under § 1915A(b)(1) for failure to state a claim. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 22$^{d}$ day of August, 2013.

_____
Chief United States District Judge